UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WENDELL DWAYNE O'NEAL, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> v. ) <br> ) <br> DARRELL D. DENISE, et al., ) <br> ) <br> Defendant(s). ) <br> _____ ) | Case No. 2:17-cv-02387-KJD-NJK <br><br> **REPORT AND RECOMMENDATION** <br><br> (Docket No. 6) |

On September 13, 2017, the Court denied without prejudice Plaintiff's application to proceed *in forma pauperis*. Docket No. 3. In particular, the Court found that the application had not been completed fully, which was especially problematic since Plaintiff's *in forma pauperis* status had been recently revoked upon his payment of the filing fee in another case. *Id.* (citing *See O'Neal v. Empire Fire & Marine Ins. Co.,* Case No. 2:16-cv-02313-JCM-CWH, Docket Nos. 33, 36 (D. Nev.) (*O'Neal I*)). Now pending before the Court is a renewed application to proceed *in forma pauperis*, along with a response to the Court's prior order. Docket Nos. 6, 7. For the reasons discussed below, the undersigned **RECOMMENDS** that the renewed application to proceed *in forma pauperis* be **DENIED** and that this case be **DISMISSED**.

When a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2). The Court may "look beyond the application to determine the financial condition" of the applicant. *Decosta v. Hawaii*, 2010 U.S. Dist. Lexis 134581, *3 n.1 (D. Haw. Dec. 20, 2010) (quoting *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 n.3 (11th Cir. 2004)). In this case, Plaintiff acknowledges having disposable funds recently available to him, attributing the existence of such funds to his sale of his car for $4,000 in April

2017. *See* Docket No. 7 at 2; *see also* Docket No. 6 at 19. Nonetheless, Plaintiff indicates that he exhausted those funds. The Court is unpersuaded. For example, Plaintiff indicates that he exhausted those funds in part by purchasing office equipment, *see* Docket No. 7 at 2, but he has also submitted bank records showing a <u>refund</u> of $400 from Office Max on August 8, 2017, Docket No. 6 at 10. Moreover, while Plaintiff claimed to have only $27 in cash on hand on September 11, 2017, Docket No. 1 at 2, his bank records reveal numerous, multi-hundred dollar deposits into his bank account in the preceding weeks, Docket No. 6 at 10. In the month preceding his initiation of this case alone, Plaintiff's bank records show over $500 in cash deposits and counter credits. *See id.*[1] Plaintiff's access to funds is also clear from his ability to pay the filing fee a few months earlier in *O'Neal I*.

In short, Plaintiff's actions in *O'Neal I* and his bank records evidence his access to cash, which is inconsistent with his allegation of poverty. Plaintiff fails to provide persuasive explanation to account for his possession of large quantities of cash in the weeks preceding his filing an application to proceed *in forma pauperis* that excludes such money.[2] These circumstances suffice to establish that the allegations of poverty are untrue. *See Thomas v. LVMPD*, 2017 U.S. Dist. Lexis 33197 (D. Nev. Feb. 13, 2017) (where allegation of poverty was inconsistent with record in another case, recommending dismissal with prejudice), *adopted*, 2017 U.S. Dist. Lexis 33192 (D. Nev. Mar. 8, 2017); *see also Salat v. Wilson*, 2017 U.S. Dist. Lexis 157459, at *9-10 (D. Nev. Sept. 26, 2017) (despite application showing general inability to pay, finding allegation of poverty to be untrue given information available from other cases, including car ownership and the plaintiff's ability to pay a $1,000 fine), *adopted*, 2017 U.S. Dist. Lexis 157459 (D. Nev. Nov. 21, 2017). Dismissal is warranted.

---

[1] The only other bank record provided, covering the previous month, shows $600 of cash deposits. Docket No. 6 at 15.

[2] Plaintiff's applications in this case further show that his monthly income exceeds his expenses. *See* Docket No. 1 (income of $735, expenses of $320); Docket No. 6 at 2, 3 (income of $735, expenses of $450). Indeed, Plaintiff has initiated yet another case in this District, in which he represented that he had $215 in cash on hand as of December 5, 2017 (*i.e.*, more than he attests to having months earlier in his filings in this case). *See O'Neal v. Albertson*, Case No. 2:17-cv-03025-JAD-CWH, Docket No. 1 at 2 (D. Nev. Dec. 8, 2017) (*O'Neal III*). The *O'Neal III* application also states without elaboration that Plaintiff has income in the form of rent payments, interest or dividends, *id.* at 1, a source of income omitted from the applications filed in this case only a few months earlier, *see* Docket No. 1 at 1; Docket No. 6 at 1.

Although the untruth of the allegation of poverty alone warrants dismissal, Plaintiff's complaint may also be dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff has represented that *O'Neal I* and this case involve: the same parties; the same or similar claims; the same property, transaction and events; and the same or similar questions of law. Docket No. 8 at 1. Although the allegations are difficult to follow at times, the gist of Plaintiff's complaint is that he disagrees with various representations and arguments made in *O'Neal I*. *See, e.g.*, Docket No. 20-1. When a litigant disagrees with representations or arguments made in a case (and the rulings issued based thereon), his avenue to address that disagreement is through the normal litigation and appellate processes. *See, e.g.*, Fed. R. Civ. P. 60; Fed. R. App. P. 4. A party is not permitted to initiate satellite litigation. *Cf. Simmons v. Go Daddy*, 2017 U.S. Dist. Lexis 71071, at *2 (D. Nev. Mar. 28, 2017) (plaintiffs are "not permitted to hopscotch from court to court" litigating the same claims), *adopted*, 2017 U.S. Dist. Lexis 70200 (D. Nev. May 5, 2017). The Court has dismissed the fourth amended complaint filed in *O'Neal I* with prejudice, and Plaintiff has challenged that ruling through multiple motions to reconsider and an appeal. *O'Neal I*, Docket Nos. 156, 160, 164, 165. This collateral litigation is not necessary and is improper.

Accordingly, the undersigned **RECOMMENDS** that the renewed application to proceed *in forma pauperis* be **DENIED** and that this case be **DISMISSED**.[3]

Dated: January 11, 2018

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file

---

[3] Plaintiff has been declared a vexatious litigant in the Eighth Judicial District Court. *See O'Neal v. Roadrunner Rentals, Inc.*, Case No. A-17-749842-C, Decision (Nev. Dist. Ct. Apr. 19, 2017). Although the Court does not herein initiate similar proceedings here, Plaintiff is cautioned that he is getting perilously close to that process beginning in this Court.

1 objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S.
2 1111 (1986). This Circuit has also held that (1) failure to file objections within the specified time and (2)
3 failure to properly address and brief the objectionable issues waives the right to appeal the District Court's
4 order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153,
5 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).